UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. LEWIS, D.M.D., et al.,<br><br>Plaintiffs,<br><br>V.<br><br>WILLIAM MICHAEL STEMLER, INC., et al.,<br><br>Defendants. | Civ. No. S-13-0574 KJM EFB<br><br><br><br>ORDER |

The motion to dismiss filed by defendants William Michael Stemler, Inc. dba Delta Health Systems ("Delta") and Northern California General Teamsters Security Fund ("Teamsters"; collectively "defendants") is currently before the court. The court submitted the motion without oral argument and now GRANTS it in part and DENIES it in part.

I. BACKGROUND

In a first amended complaint ("FAC") filed August 15, 2013, plaintiffs David M. Lewis, D.M.D. (individually "Lewis") and David M. Lewis, D.M.D., Inc. (collectively "plaintiffs") allege that Teamsters operates a health plan that includes dental benefits for individual plan members under terms of their contract with Teamsters. Complaint, ECF No. 9 ¶ 10. Delta administers the health plan and processes and pays claims submitted by dental providers who have treated plan members. *Id*. ¶ 12. Lewis, an out-of-network provider under the

1

1  Teamsters' plan, provided dental services to individual plan members, who assigned their
2  contractual rights under the health plan to plaintiffs. *Id*. ¶¶ 13-14.  After treating plan members,
3  plaintiffs submitted claims for the reasonable and customary rate for services to Delta, but Delta
4  failed timely to respond to the claims; unreasonably denied the claims; failed to provide proper
5  information; requested information not required by the claim procedures and promised claims
6  would be paid if plaintiffs submitted this information, but thereafter denied the claims and/or
7  failed to pay the required contractual benefits under the plan.  *Id*. ¶ 16.
8         Plaintiffs bring nine claims for relief:  (1) recovery of ERISA benefits, 29 U.S.C.
9  § 1132(a)(1)(B); (2) breach of implied contract; (3) breach of an oral contract;[1] (4) quantum
10 meruit; (5) open book account; (6) unjust enrichment; (7) violation of California Health & Safety
11 Code § 1371; (8) violation of California Health & Safety Code § 1371.35; and (9) violation of
12 California's Unfair Competition Law (UCL), CAL. BUS. & PROF. CODE §§ 17200, et seq.
13        Defendants have moved to dismiss plaintiffs' state law claims, arguing they are
14 preempted by Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). ECF No. 12.  With
15 their moving papers, defendants have submitted a copy of the Summary Plan Description
16 ("SPD") for the Northern California General Teamsters Security Fund they claim covered the
17 patients to whom plaintiffs provided service.  ECF No. 13-1.
18        Plaintiffs oppose the motion and seek to strike the SPD.  ECF Nos. 15, 15-1.  They
19 concede, however, that their second claim for breach of implied contract and seventh and eighth
20 claims for violations of California Health and Safety Code §§ 1371 and 1371.35 should be
21 dismissed.  ECF No. 15 at 3 n.1.  Because this is the kind of concession that should have been
22 resolved through the meet and confer required by this court's standing order and explained on the
23 court's web page, counsel will be directed to show cause as to why they should not be sanctioned
24 for noncompliance with the meet and confer requirement.  *See* ECF 4-1 at 3.
25 /////

---

[1] The heading of this claim is "breach of implied contract" but plaintiffs allege that they "formed binding contracts" and that despite plaintiffs' compliance, defendants have refused to reimburse plaintiffs for the services plaintiffs provided.

2

## II. MOTION TO DISMISS

### A. Standards for a Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss, this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).

A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for

summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *see also Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

     B. Motion to Strike

As noted, plaintiffs object to the court's consideration of the SPD, arguing that its contents are not alleged in the complaint and that the SPD offered did not necessarily cover the patients they treated. "A district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *see also Board of Trustees of Alameda Cnty. Med. Ctr. v. Costco Emp. Benefits Prog.*, No. C-12-04609, 2012 WL 6632506, at *1, n.4 (N.D. Dec. 19, 2012) (considering an ERISA plan because the complaint alleged a patient's membership in it, even though plaintiff's claims did not specifically rely on it).

Plaintiffs argue that because the SPD's cover page includes the phrase "Restated: January 1, 2011," it does not necessarily cover any services provided before then and that the breach of contract claim in the complaint "may relate to Defendants' conduct occurring as early as March of 2009. . . ." ECF No. 15-1 at 2. Although the First Amended Complaint itself does not identify the dates plaintiffs provided service, plaintiffs have challenged the authenticity of the SPD. The motion to strike is granted.

     C. ERISA Preemption

ERISA establishes "a uniform regulatory regime over employee benefit plans" and so "includes expansive preemptive provisions" as well as "'an integrated system of procedures for enforcement.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985)). These aspects of ERISA give rise to two different preemptive doctrines, both of which defeat state law causes of action on the merits: (1)

express preemption under ERISA § 514(a), 29 U.S.C. § 1144(a), when a state law "relates to" an employee benefit plan or (2) preemption because of a conflict with ERISA's exclusive remedial scheme, ERISA § 502(a), 29 U.S.C. § 1132(a). *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011). Although defendants mention express preemption, they base their argument only on conflict preemption. ECF No. 12 at 3.

Under 29 U.S.C. § 1132(a)(1)(B), a participant or beneficiary of a plan may bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under terms of the plan." A participant is an "employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . ." 29 U.S.C. § 1002(7). A beneficiary is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). A participant or beneficiary may assign his or her benefits to a health care provider, who then has standing to sue under ERISA. *Misic v. Bldg. Serv. Emp. Health & Welfare Trust*, 789 F.2d 1374, 1378 (9th Cir. 1986).

When any state-law cause of action "duplicates, supplements, or supplants the ERISA civil enforcement remedy," it is preempted. *Davila*, 542 U.S. at 209. Accordingly "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)." *Id*. at 210. A suit under ERISA's enforcement provisions is not limited to the provision of benefits, but includes a suit to enforce rights under the plan or to clarify rights to future benefits. *Id*.

The Ninth Circuit has described *Davila* as establishing a two part test to determine whether a state cause of action is preempted: a state law cause of action is preempted only if plaintiff is seeking to assert a state law claim that he could have brought under ERISA and the claim is based on an independent legal duty beyond that imposed by the ERISA plan. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 947, 950 (9th Cir. 2009).

Plaintiffs rely on *Marin General* to argue that their claims are not preempted. In that case, the hospital called a health plan administrator to confirm that a prospective patient had

5

health insurance through an ERISA plan provided by his employer Modesto & Empire Traction. The administrator confirmed the patient's coverage, approved treatment and promised to cover 90 percent of the patient's medical expenses. After the hospital treated the patient, it billed the administrator of his ERISA plan, which paid less than half of the claim. The hospital filed suit after the administrator denied it had entered into a contract to pay 90 percent of the treatment costs. *Id*. at 943-44. The Ninth Circuit concluded that the hospital's claim was not preempted because it did not satisfy either *Davila* prong. First, the claim could not have been brought under ERISA because it did not arise from the Plan, but rather from the telephone conversation with the administrator. It contrasted *Davila*, where the claims were based on the denial of coverage promised under the ERISA plan, to the case before it, in which the claims did not flow from the patient's assignment of his ERISA benefits. *Id*. at 947-48. The court also found that as the hospital's suit was based on an independent duty because it "would exist whether or not an ERISA plan existed" and so were based on other independent legal duties. *Id.* at 950.

        i. Oral Contract

Plaintiffs allege defendants breached an oral contract when they failed to reimburse plaintiffs for out of network dental services, despite their promise to pay if plaintiffs submitted information and documentation not required by the plan's claim procedures. ECF No. 9 ¶¶ 16c-d, 30-33. They do not allege they had a separate contract with the plan administrator, only that the administrator promised to pay the sums due under the plan based on the participants' assignments if plaintiffs provided additional information about the participants. Plaintiffs could have pursued and in fact are pursuing remedies under ERISA for the denial of payments and for failure to follow the claims procedures; they have not identified any agreement with defendants independent of the ERISA plan. ECF No. 9 ¶¶ 17-22; *but cf. Blue Cross of Cal. v. Anesthesia Care Assoc. Med. Grp., Inc*., 187 F.3d 1045, 1050 (9th Cir. 1999) (holding that medical providers' claims were not preempted when they alleged a breach of the agreements they had with the insurer, which could not be asserted by the patient-assignors). Thus, even assuming that plaintiffs have adequately pleaded the existence of an oral contract, a question the court does not resolve here, plaintiffs could seek a remedy under ERISA.

          ii.  Quantum Meruit

To recover under a quantum meruit theory in California, a plaintiff must show both that he was acting under the authority of an express or implied request for such services from the defendant and that the services were intended to and did benefit the defendant. *Day v. Alta Bates Med. Ctr*. 98 Cal. App. 4th 243, 248 (2002).  Plaintiffs have alleged they provided services to plan members and that defendants had an obligation to reimburse them for those services. Even assuming plaintiffs have properly pleaded a quantum meruit claim, plaintiffs have alleged only that they undertook services under the ERISA plan and so have not shown that this claim arose from any duty independent of that ERISA plan.

          iii.  Open Book

"A claim on an open book account is proper 'whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished.'"  *U.S. for the use of Hajoca Corp. v. Aeroplate Corp*., No. 1:12-cv-1287-AWI-BAM, 2013 WL 3729692, at *4 (E.D. Cal. July 12, 2013), *recommendation adopted by* 2013 WL 4500475 (quoting *Kawasho Int'l, U.S.A. v. Lakewood Pipe Serv., Inc*., 152 Cal. App. 3d 785, 793 (1983)).  Plaintiffs allege they have had financial transactions with defendants "relating to out-of-network dental services provided to Plan members," and that plaintiffs have kept accounts of the debits and credits involved in these transactions.  ECF No. 9 ¶¶ 38-39.  This claim restates plaintiffs' general allegation that they have not been reimbursed for services they provided to plan members as an out-of-network provider; it is not based on an independent legal duty to pay.

          iv.  Unjust Enrichment

In California, an unjust enrichment claim stems from the "receipt of a benefit and unjust retention of the benefit at the expense of another."  *Elder v. Pac. Bell Tel. Co*., 205 Cal. App. 4th 841, 857 (2012); *but see McBride v. Boughton*, 123 Cal. App. 4th 379, 389 (2004) (suggesting that unjust enrichment is not an independent claim but rather a principle of restitution underlying other claims).  Plaintiffs allege that defendants have been and are wrongfully enriched by the retention of money they owe to plaintiffs stemming from plaintiffs' provision of dental

services to plan members.  ECF No. 9 ¶¶ 42-43.  Once again, plaintiffs, as the plan members' assignees, could bring and are in fact bringing a suit to recover payments under ERISA; their state law cause of action duplicates the equitable remedies available under ERISA.

### v. Unfair Competition

"To bring a UCL claim, a plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (internal quotations omitted); *Gardner v. Am. Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1201 (E.D. Cal. 2010).  Because the California UCL statute is phrased in the disjunctive, a practice may be unfair or deceptive even if is not unlawful, or vice versa.  *Lippitt*, 340 F.3d at 1043.[2] Plaintiffs allege that "the acts of Defendants constitute unfair business practices . . . ." ECF No. 9 ¶ 54.  An act is "unfair" under the UCL if it "significantly threatens or harms competition, even if it is not specifically proscribed by another law."  *Swanson v. EMC Mortg. Corp.*, No. CV F 09-1507 LJO/ DLB, 2009 WL 4884245, at *9 (E.D. Cal. Dec. 9, 2009); *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 180, 187 (1999).

Defendants rely on *Cleghorn v. Blue Shield of California* to argue that plaintiff's UCL claim is preempted.  408 F.3d 1222 (9th Cir. 2005).  That case did hold that a claim under California Health & Safety Code § 1371.4, a provision of the Knox-Keene Act governing payment for emergency services, was preempted because it sought payment for emergency services provided to an ERISA plan participant.  *Id*. at 1224.  In this case, however, plaintiffs

---

[2] An action is unlawful under the UCL and independently actionable if it constitutes a violation of another law, "be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1999); *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992).  Because the statute borrows violations of other laws, a failure to state a claim under the "borrowed statute" translates to a failure to state a claim under the unlawful prong of the UCL.  *Dorado v. Shea Homes Ltd. Partnership*, No. 1:11-cv–01027 OWW SKO, 2011 WL 3875626, at *19 (E.D. Cal. Aug 31, 2011) (holding "[w]here a plaintiff cannot state a claim under the 'borrowed' law, she cannot state a UCL claim" under the "unlawful" prong (citing *Smith v. State Farm Mut. Auto. Ins. Co*., 93 Cal.App.4th 700, 718 (2001)).  As plaintiffs have conceded that their claims stemming from alleged violations of Health & Safety Code §§ 1371 and 1371.35, they cannot base their UCL claim on violations of these statutes.

allege that defendants' failure to pay benefits is unfair, a claim ultimately based on the practice's impacts on competition. Defendants have pointed to nothing suggesting that ERISA remedies cover anti-competitive practices, that such a claim is in essence a claim for the recovery of unpaid benefits, or that plaintiffs could seek equitable relief stemming from anti-competitive practices under ERISA's provisions. Moreover, as defendants do not otherwise argue that this portion of the complaint fails to state a claim under the UCL, the court need not examine the adequacy of the pleadings.

IT IS THEREFORE ORDERED that:

1. Defendants' motion to dismiss is granted as to plaintiff's second, third, fourth, fifth, sixth, seventh, eighth and ninth claims, with respect to the latter claim insofar as it is based on a violation of Health & Safety Code §§ 1371 and 1371.5;

2. Defendants' motion to dismiss is denied as to the ninth claim, insofar as it alleges that defendants' actions were unfair;

3. Plaintiffs' amended complaint is due within twenty-one days of the date of this order; and

4. All counsel are directed to show cause within fourteen days as to why they should not each be sanctioned $250 for noncompliance with the court's meet and confer requirement.

DATED: September 24, 2013.

_____
UNITED STATES DISTRICT JUDGE