JOHN C. PROVOST, SBN 125458
BEESON, TAYER & BODINE, APC
520 Capitol Mall, Suite 300
Sacramento, CA  95814-4714
Telephone:     (916) 325-2100
Facsimile:      (916) 325-2120
Email:             jprovost@beesontayer.com

Attorneys for Defendants
WILLIAM MICHAEL STEMLER, INC.,
d/b/a/ DELTA HEALTH ADMINISTRATORS and the
NORTHERN CALIFORNIA GENERAL TEAMSTERS SECURITY FUND

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. LEWIS, D.M.D., individually and DAVID M. LEWIS, D.M.D., INC.,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM MICHAEL STEMLER, INC., d/b/a DELTA HEALTH SYSTEMS and NORTHERN CALIFORNIA GENERAL TEAMSTERS SECURITY FUND,<br><br>Defendants. | Case No. 13-CV-00574-KJM-EFB<br><br>**STIPULATION TO PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER**<br><br>**[F.R.C.P. 5.2 and L.R. 140 & 141]**<br><br>Judge:                    Kimberly J. Mueller<br>Complaint Filed:    March 22, 2013<br>Trial Date:              June 8, 2015 |

This action involves claims by Plaintiffs DAVID M. LEWIS, D.M.D. (also hereafter, "Lewis") and DAVID M. LEWIS, D.M.D., INC. (also hereafter, "the Corporation") for payments from Defendants WILLIAM MICHAEL STEMLER, INC., d/b/a DELTA HEALTH SYSTEMS (also hereafter, "Delta") and the NORTHERN CALIFORNIA GENERAL TEAMSTERS SECURITY FUND (also hereafter, "the Fund") for the provision of dental services by Plaintiffs to many dozens of patients who were the participants and beneficiaries of a dental plan sponsored by the Fund and administered by Delta.  The Fund, in turn, has counterclaimed against Lewis and the Corporation for damages related to their billings to the Fund for dental services to Fund participants and beneficiaries.

The precise treatments and conditions of the patients for whom Plaintiffs' and Defendants assert their respective claims will be in issue in this litigation, and pursuant to the Health Insurance

Portability and Accountability Act (HIPAA), information concerning their treatments and conditions, as well as their identities, are considered Protected Health Information (PHI) as set forth in 45 CFR §164.501. Health plans and medical providers, and their business associates, are prohibited by HIPAA from disclosing PHI in all but specific, limited circumstances. 45 CFR §164.502. One such circumstance is in the course of litigation when the PHI is protected by a court-issued protective order. 45 CFR §164.512(e)(iv).

Because the parties anticipate discovery in the above-captioned action ("the Litigation") that will require the disclosure of PHI to and from one or the other, as well as the disclosure of other confidential information, they hereby stipulate to and request an order from the Court protecting PHI and other confidential information that may be produced in discovery in the Litigation and protecting the third parties who could be prejudiced by the disclosure of such information.

THEREFORE, IT IS HEREBY STIPULATED by and between counsel for the undersigned parties that the following Stipulation to Protective Order and Order (the "Order") shall govern the handling of information produced in discovery by any party or non-party during the pre-trial stage of this Litigation ("Discovery Material") that is confidential, subject to the Court's approval of this Order. The handling of confidential information during trial shall be governed by a subsequent order.

1. Any party producing information in response to discovery in this Litigation, ("Producing Party"), shall designate as "Confidential" any Discovery Material the Producing Party believes in good faith to be non-public and of a confidential nature as set forth in this Order. Confidential Information does not include information that is generally available to the public or becomes generally available to the public other than as a result of disclosure by the party receiving the information, whether or not a party to this Litigation ("Receiving Party").

2. As used herein, "Confidential Information" shall mean all information in any form, including oral, written, documentary, tangible, electronic, and digital, now or hereafter in existence, which has not been made available to the general public, that consists of:

   a. Proprietary trade secrets that derive independent economic value, whether actual or potential, from not being generally known or readily ascertainable by other persons;

   b. Proprietary business information;

///

        c.        Information protected by any non-disclosure or confidentiality agreements or provisions in other agreements pertaining to the confidentiality or non-disclosure of information;

        d.        Information that may be the subject of certain privacy rights; and

        e.        Personal health information, or PHI, which shall have the same meaning as the Term "protected health information" as defined in Title 45 of the Code of Federal Regulations (CFR) §164.501, and shall include information, whether oral or recorded in any form or medium, that is designated as confidential and that:

        (1)        is created by a health care provider, health plan, public authority, employer, insurance provider, school, university, or health care clearinghouse; and

        (2)        relates to the past, present, or future physical or mental health or condition of an individual, the provision or receipt of health care to or by an individual, or the past, present or future payment for the provision or receipt of health care to or by an individual;

3.     A Producing Party shall designate Discovery Material as Confidential Information pursuant to this Order in the following manner:

        a.        For written materials and documents, either by stamping "Confidential" on each page containing any Confidential Information, or by Bates stamping all materials and providing a corresponding log of any document containing Confidential Information.  Provided, however, that any failure to initially designate a document as "Confidential" does not constitute a waiver of confidentiality, and any document becomes subject to the protections of this Order from the time it is properly designated as "Confidential" pursuant to the terms of this Order;

        b.        For deposition testimony, by (i) a statement on the record by the deponent's counsel, or, if not represented by counsel, by the deponent or by counsel for any party to this litigation, that such testimony shall be designated as "Confidential"  at the time of or following such disclosure; or (ii) written notice from the deponent's counsel, or, if not represented by counsel, by the deponent or by counsel for any party to this litigation, to all parties that such testimony shall be designated as Confidential Information and including either a copy of the transcript pages stamped "Confidential" that contain the Confidential Information or a list of the transcript pages to be deemed confidential, provided that, until ten (10) court days after counsel receives a copy of a deposition transcript, the entirety of the transcript shall be treated as Confidential Information, unless the

deposition transcript is received by the parties within ten (10) court days of the date set for trial, in which case the deposition transcript shall be treated as Confidential Information for five (5) days after counsel receives a copy of a deposition transcript; where deposition testimony is designated as "Confidential" by a statement on the record, arrangements shall be made with the court reporter taking and transcribing such proceeding, if any, to separately bind such portions of the transcript, including exhibits, containing information designated as "Confidential", and to label such portions appropriately; and

   c. For electronically stored information, by marking "Confidential" on the medium containing the electronically stored information.

 4. Confidential Information shall be used solely for the purposes of this Litigation, including any appellate proceedings, and may not be disclosed to anyone other than as provided for herein, or used for any purpose other than for this Litigation or any appeal thereof, unless: (1) agreed to in writing by the party(ies) who made the "Confidential" designation, (2) (as to PHI) authorized in writing by the patient, or (3) a party seeks and receives a court order permitting disclosure.

 5. A Receiving Party may only disclose, summarize or otherwise communicate Discovery Material designated as "Confidential" in whole or in part to the following persons:

   a. The Receiving Party's counsel, including in-house and outside counsel, and its staff for use in accordance with this Order, with the specific caveat that the information may not be disclosed to any business personnel of a named party merely because an individual has a Juris Doctorate degree;

   b. Outside experts and consultants to the extent necessary for them to formulate an opinion, to prepare to testify, or to assist counsel in the Litigation, provided that they use any Confidential Information solely in connection with the Litigation; and further provided that they are provided a copy of this Order and confirm their understanding and agreement to abide by the terms of this Order by signing the Certification attached hereto as Exhibit A, a copy of which shall be maintained by counsel for the Receiving Party seeking to disclose such Confidential Information;

   c. Any party currently named in the Litigation, including its respective officers, directors and management personnel, agents, and employees, but only to the extent counsel deems it

reasonably necessary that such person provides assistance in this Litigation, all of whom shall be treated as parties for purposes of this Order;

      d.      Deposition witnesses, provided there is a reasonable basis to believe the witness will give relevant testimony regarding the Confidential Information; and further provided that before a party or its counsel shows or discloses Discovery Material designated by another party as "Confidential" to any deposition witness not covered by paragraphs 6(a), (b), (c) or (f), it first advises the witness that the Confidential Information is disclosed subject to this Order and may not be used otherwise and provides the witness with a copy of this Order;

      e.      Court reporters employed in connection with the Litigation and photocopy or document management services retained by counsel;

      f.      Authors of documents containing Confidential Information, but only as to those documents containing Confidential Information that were authored by the individual, and persons who received and/or reviewed documents containing Confidential Information prior to its production in the Litigation;

      g.      As to PHI, the patient who is the subject matter of the PHI, the patient's counsel, the patient's authorized representative.

      h.      Any private mediator used in the Litigation;

      i.      Any judge assigned to hear any issue in the Litigation, and the judge's clerks, courtroom assistants, and/or staff;

      j.      Such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court.

6.      Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. The parties shall meet and confer concerning any disputes concerning designations of Confidential Information prior to any motions challenging the designations are filed or any disputed material is lodged with the Court. If it comes to a Party's

attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party must promptly notify all other parties that it is withdrawing the designation.

7.     All documents filed with the Court that are required to be redacted by Local Rule 140 shall be redacted by the filing Party in compliance with the Local Rule.  In the event a party wishes to file documents with the Court that include patient PHI or that contain material designated by any party as "Confidential" that are not required to be redacted by Local Rule 140, they shall first meet and confer with all other parties to try and agree on what redaction and/or filing under seal would be appropriate under Local Rules 140 and 141.  If the parties agree, the filing party shall request an order from the Court to allow a redacted filing and/or filing under seal as agreed.  If the parties do not agree, or if a party wishes to file any unredacted material that has been designated as Confidential, the filing party shall give notice to the other parties, who then shall have ten (10) court days in which to request an order from the Court to prohibit the disputed filing.  If a party has requested an order from the Court with regard to a disputed filing pursuant to this paragraph, the party wishing to file the materials shall not do so until the Court has ruled on the request of the objecting party.  Both parties agree that neither will oppose the other's request for an extension of any filing deadline involving a dispute over Confidential materials for a length of time equal to the time period between the request for an order concerning the materials and the Court's ruling on the request, inclusive of the filing and order days.  Any party filing a motion or other request for an order with regard to a dispute over redaction and/or filing under seal, and any party filing an opposition thereto, shall do so without including the Confidential material that is in dispute.

8.     Agreeing to this Order, producing or receiving Confidential Information or otherwise complying with this Order shall not:

   a.     operate as or constitute an admission by any party that any Confidential Information contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential matter;

   b.     operate as or constitute an admission by any party that the restrictions and process set forth herein constitute adequate protection for any particular information deemed by a Producing Party to be Confidential within the meaning of paragraph 2;

    c. operate as or constitute a waiver of any attorney-client, work product or other privilege;

    d. prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

    e. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

    f. prejudice in any way the rights of any party to request that particular Discovery Material or Confidential Information be treated more or less restrictively than otherwise provided for herein and, absent agreement of the parties, to petition the Court for a further order relating to any Confidential Information;

    g. prejudice in any way the rights of any party to offer, discuss, or respond to questions concerning documents or any other information at any hearing in this matter, subject to appropriate means to preserve the confidentiality of Confidential Information as may be determined by the Court;

    h. prejudice in any way the rights of any party to seek a court determination whether any materials should be subject to the terms of this Order;

    i. prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to particular Discovery Material; or

    j. require the parties to treat as Confidential PHI that has been de-identified and thus is no longer protected health information pursuant to 45 C.F.R. § 164.514.

    k. constitute a waiver of any party's rights under the Fifth Amendment of the United States Constitution.

  9. If a Receiving Party is served with a subpoena, order or other compulsory process from a non-party to this Order seeking production or other disclosure of a Producing Party's Confidential Information, the Receiving Party shall give written notice (by facsimile and email) to counsel for the Producing Party as soon as practicable after receipt of the subpoena, order or other compulsory process, but in no event after disclosing the Confidential Information, except to the extent prohibited by law. Such notice shall be made at least ten (10) days prior to the date of production and include a copy of the subpoena, order or other compulsory process so that the

1  Producing Party, at its sole expense, may take such action as it deems fit to control dissemination of
2  the Confidential Information.  Provided that the Producing Party or any other interested party makes
3  a timely objection, motion or other application for relief from the subpoena, the Receiving Party shall
4  not produce or disclose the Confidential Information requested by the subpoena without consent of
5  the Producing Party or until ordered by a court of competent jurisdiction.

6        10.    This Order has no effect upon, and shall not apply to, the Producing Party's use of its
7  own Confidential Information.

8        11.    Following any party's receipt of documents subpoenaed from a third party (either
9  from another party or the third-party directly), the party may designate which of those documents, if
10 any, shall be considered Confidential Information pursuant to paragraph 21 of this Order. The third
11 party producing such documents may also designate which of those documents, if any, shall be
12 considered Confidential Information.  All documents so designated shall be handled in accordance
13 with this Order.  Upon any party or non-party making such a designation, subpoenaing counsel shall
14 consider all such designated documents Confidential Information and handle same in accordance
15 with this Order.

16       12.    Non-party witnesses may avail themselves of the procedures and protections in this
    Order by agreeing in writing to be bound by its terms.

17       13.    Additional parties joining or joined in the Litigation shall not have access to
18 Confidential Information until they have executed and filed with the Court their agreement to be fully
19 bound by this Order.

20       14.    The inadvertent or mistaken disclosure or production by a Producing Party of
21 Confidential Information without designating it as such shall not constitute a waiver of any claim of
22 confidentiality provided: (a) as soon as practicable after becoming aware of such disclosure; the
23 Producing Party notifies the Receiving Party of the inadvertent disclosure; and (b) within fifteen (15)
24 days of such notice, the Producing Party provides properly redesignated material to the Receiving
25 Party. During the fifteen (15) day period after the Producing Party provides notice of a disclosure or
26 production without proper designation, the materials shall be treated as indicated in the Producing
27 Party's notice.  Upon receipt of properly redesignated material, the Receiving Party shall destroy the
28 non-designated or incorrectly designated materials or return them to the Producing Party.

15. Nothing in this Order shall be construed in any way as a finding that information designated to be Confidential Information actually is Confidential. Any party to the Litigation may challenge a designation by written objection that specifies the information at issue and the grounds for objection. A party may challenge a designation at any time in the Litigation and failing to do so at the time the designation was made shall not preclude a later challenge. If the parties are unable to resolve the dispute informally after good faith efforts within a reasonable time, within twenty-one (21) days after the parties' informal attempts at resolution have concluded, the challenging party may file a motion to revise the designation. Until the Court rules on the motion, the information at issue shall continue to be treated as Confidential Information. The party making the "Confidential" designation shall have the burden of proving the information is confidential.

16. Neither the provisions of this Order nor the lodging or filing of any material under seal shall prevent the use in open court or at any hearing in this action, of any Confidential Information subject to this Order or lodged or filed under seal pursuant to its provisions, provided that the party desiring to use documents designated "Confidential" gives the Court and attending parties notice prior to referencing the documents during such proceeding. Any party or designating person desiring that hearings be held in camera, or that the trial or any portion of it be closed to the public, must make a separate motion therefore. On order of court pursuant to a motion, including an oral motion, by any party or designating person, any person may be excluded from a hearing, or any portion thereof, on the grounds that Confidential Information may be disclosed.

17. Should any Confidential Information be disclosed, through inadvertence or otherwise, by a Receiving Party to any person(s) not authorized under this Order, then the Receiving Party shall: (a) immediately notify the Producing Party; (b) use its best efforts to obtain the return of the Confidential Information inadvertently disclosed; and (c) request such person(s) to sign the Certification attached hereto as Exhibit A. Nothing in this paragraph is intended to limit the remedies that the producing party may pursue for violation of this Order.

18. Absent written permission of the Producing Party or further order of the Court, the provisions of this Order shall continue to be binding after the conclusion of the Litigation, including any appeals therefrom. Within seventy-five (75) days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Information is permitted

to be used, all persons having received Discovery Material containing Confidential Information shall either return such material and all copies to counsel for the Producing Party or destroy such documents.  Counsel for the parties shall be entitled to retain court papers, deposition transcripts, and attorney work product containing Confidential Information, provided that counsel and their employees shall not disclose such material to any person except pursuant to court order or agreement with the Producing Party.

19. Notwithstanding the terms and conditions of this Order, all persons and/or entities hereto (including Parties to the action as well as any executing Non-Party to the action) shall fully comply with the provisions of the Health Insurance Portability and Accountability Act (HIPAA) as amended, including the Standards for Privacy of Individually Identifiable Health Information (the "Privacy Rule") located at 45 CFR Part 160 and Subparts A and E of Part 164, and California's Confidentiality of Medical Information Act located at California Civil Code sections 56 *et seq*.

20. Facsimile signatures in this stipulation shall be accepted and treated as if they were original signatures hereon.

21. The Court shall retain jurisdiction, even after termination of the Litigation, to: (a) make such arrangements, modifications and additions to this Order as it may deem appropriate upon good cause shown; and (b) adjudicate any dispute relating to the use or disclosure of Confidential Information.

22. The parties request that the Court enter the Order below.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  April ___, 2014               BEESON, TAYER & BODINE, APC


                                      By: _____signature on original_____
                                              JOHN PROVOST
                                      Attorneys for WILLIAM MICHAEL
                                      STEMLER, INC., d/b/a/ DELTA HEALTH
                                      ADMINISTRATORS and the NORTHERN
                                      CALIFORNIA GENERAL TEAMSTERS
                                      SECURITY FUND

| | |
|---|---|
| Dated: April ___, 2014 | FARMER SMITH & LANE, LLP |

By: _____signature on original_____
CRAIG E. FARMER
ERIC R. BRENNEMAN
Attorneys for DAVID M. LEWIS, DMD,
individually and DAVID M. LEWIS, INC

**IT IS SO ORDERED.**

DATED:  April 28, 2014.

_/s/ Edmund F. Brennan_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

# CERTIFICATION - EXHIBIT A

I _____, of_____ have read in its entirety and understand the Stipulated Protective Order in the litigation entitled *David M. Lewis, D.M.D., et al. v. William Michael Stemler, Inc. d/b/a Delta Health Systems*, United States District Court, Eastern District of California, Case No. 13-CV-00574-KJM-EFB..  I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order.  I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I fully understand that if I violate any provision of the Stipulated Protective Order, I may be subject to sanctions by the Court, in addition to any other remedies that a party may have.  If I am not a party to this dispute, I agree that the Court may enforce this agreement at any time, including following the conclusion of this matter, and that an action may be brought before United States District Court for the Eastern District of California to enforce the terms of this Stipulated Protective Order, and I submit to the jurisdiction of this court.


Dated: _____

_____
[Print Name]

_____
[Company]

_____
[Address]